# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHELLE MORGAN, individually and on behalf of all other similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP S.p.A.; ESSILOR INTERNATIONAL SAS; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; ESSILOR OF AMERICA HOLDING COMPANY, INC.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.; EYEMED VISION CARE, LLC; AND VISION SOURCE, LLC,<br><br>　　　　　Defendants. | Case No. 23-CV-03065 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |
| MONET JONAS, REBECCA FROEHLICH, and BRAD HOAG, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP, S.p.A.; ESSILOR INTERNATIONAL SAS; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; ESSILOR OF AMERICA HOLDING COMPANY, INC.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.; AND EYEMED VISION CARE, LLC,<br><br>　　　　　Defendants. | Case No. 23-CV-03082 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |

| | |
|---|---|
| TARA FOSTER, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP S.p.A.; ESSILOR INTERNATIONAL SAS; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; ESSILOR OF AMERICA HOLDING COMPANY, INC.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.; EYEMED VISION CARE, LLC; AND VISION SOURCE, LLC,<br><br>    Defendants. | Case No. 23-CV-03662 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |
| FREDERICK ROZO, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP S.p.A.; ESSILOR INTERNATIONAL SAS; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; ESSILOR OF AMERICA HOLDING COMPANY, INC.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.; EYEMED VISION CARE, LLC,<br><br>    Defendants. | Case No. 23-CV-3822 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |

| | |
|---|---|
| JARRED RISTAU, individually and on behalf of all other similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP S.p.A.; ESSILOR INTERNATIONAL SAS; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; ESSILOR OF AMERICA HOLDING COMPANY, INC.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.; EYEMED VISION CARE, LLC; AND VISION SOURCE, LLC,<br><br>              Defendants. | Case No. 23-CV-3823 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |
| ISHA FATHMATH, on behalf of herself and those similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP, S.p.A.; ESSILOR INTERNATIONAL SAS; GRANDVISION BV; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.; FRAMES FOR AMERICA, INC.; FOR EYES OPTICAL COMPANY, INC.; COSTA DEL MAR, INC.; OAKLEY, INC.; EYEMED VISION CARE, LLC; and VISION SOURCE, LLC,<br><br>              Defendants. | Case No. 24-CV-260 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |

| | |
|---|---|
| PAMELA RINGGOLD, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP, S.p.A.; ESSILOR INTERNATIONAL SAS; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; ESSILOR OF AMERICA HOLDING COMPANY, INC.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.;<br>EYEMED VISION CARE, LLC; ESSILOR LABORATORIES OF AMERICA, INC.;<br>AND VISION SOURCE, LP,<br><br>        Defendants. | Case No. 24-CV-349 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |
| PETER BROWN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ESSILORLUXOTTICA S.A.; LUXOTTICA GROUP, S.p.A.; ESSILOR INTERNATIONAL SAS; ESSILORLUXOTTICA USA INC.; LUXOTTICA U.S. HOLDINGS CORP.; ESSILOR OF AMERICA HOLDING COMPANY, INC.; LUXOTTICA OF AMERICA, INC.; ESSILOR OF AMERICA INC.; AND EYEMED VISION CARE, LLC, | Case No. 24-CV-767 (KMM/JFD)<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' JOINT MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)** |

The Court issues this Amended Order to clarify the status of the indirect purchaser plaintiffs and to reiterate that the Clerk of Court's Office need not mail paper copies of this Order to newly filing plaintiffs or any new defendants. (*See* Dkt. No. 69.)

Before the Court is Plaintiffs' Joint Motion for Consolidation Pursuant to Fed. R. Civ. P. 42(a), filed on February 7, 2024. The Court has concluded that these eight pending cases alleging anticompetitive conduct in the eyewear industry involve common questions of law and fact and that consolidation will promote the efficient resolution of these cases and avoid unnecessary cost and delay. Fed. R. Civ. P. 42(a)(2)–(3). Based upon all files, records, and proceedings herein, **THE MOTION IS GRANTED**.

**IT IS HEREBY ORDERED** that:

1. The following Related Actions are consolidated:

    *Morgan v. EssilorLuxottica S.A. et al.* (23-CV-03065 (KMM/JFD));

    *Jonas v. EssilorLuxottica S.A. et al.* (23-CV-03082 (KMM/JFD));

    *Foster v. EssilorLuxottica S.A., et al.* (23-CV-03662 (KMM/JFD));

    *Rozo v. EssilorLuxottica S.A. et al.* (23-CV-03822 (KMM/JFD));

    *Ristau v. EssilorLuxottica S.A. et al.* (23-CV-03823 (KMM/JFD));

    *Fathmath v EssilorLuxottica S.A. et al.* (24-CV-00260 (KMM/JFD));

    *Brown v. EssilorLuxottica, S.A. et al.* (24-CV-00767 (KMM/JFD)).

    *Ringgold v. EssilorLuxottica S.A. et al.* (24-CV-00349 (KMM/JFD))[1];

---

[1] *Ringgold v. EssilorLuxottica S.A. et al.* (24-CV-00349 (KMM/JFD)), brought by indirect purchaser plaintiffs, is consolidated with the remaining actions for the purposes of pretrial

1

2. All additional related cases filed in or transferred to this Court shall also be consolidated upon, or shortly after, arrival in the District of Minnesota.

3. The action shall be renamed *In re Eyewear Antitrust Litigation*.

4. *Morgan v. EssilorLuxottica S.A. et al.* (23-CV-03065 (KMM/JFD)) shall be designated the "Lead Case File." The docket of the Lead Case File will be used for case management and motion practice related to discovery.

5. Every filing shall be filed in the Lead Case File. All filings in the Lead Case File are considered to be part of the relevant related case; no duplicate filings should be made in the related case files. All filings will be captioned as follows:

| IN RE EYEWEAR ANTITRUST LITIGATION<br><br>This Document Relates To:<br>All Cases | Case No. 23-CV-03065 (KMM/JFD) |
|---|---|

6. Any additional cases that may be filed in the District of Minnesota and that arise out of conduct similar to that alleged in the above-titled actions shall be consolidated with the Lead Case. This Order will automatically apply to such cases. The Clerk shall make an appropriate entry on the docket sheet of the Lead Case File and docket a copy of this Order in the newly filed case. Any related actions subsequently removed to or transferred to this Court shall be

---

proceedings only. A decision on whether to try the indirect purchaser plaintiffs' case with the remaining cases will be made after motions for summary judgment are decided.

consolidated with the *In re Eyewear Antitrust Litigation* in the Lead Case File, and this Order will automatically apply to those cases as well.

7. The Clerk of Court is directed to add those parties and attorneys from the related cases to the Lead Case File. It is incumbent upon the attorney to ensure his or her appearance is listed in the consolidated proceedings for ECF purposes. Any attorney who has been admitted *pro hac vice* in any of the above actions need not seek *pro hac vice* admission in any other action; a single *pro hac vice* admission in these proceedings is sufficient. Any attorney who has filed a notice of appearance in any of the above actions need not notice an appearance in any other action; a single notice of appearance in these proceedings is sufficient.

8. This Order shall not have the effect of making any person, firm, or corporation a party to any action when they have not been joined in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: April 4, 2024                                         *s/ John F. Docherty*
                                                            JOHN F. DOCHERTY
                                                            United States Magistrate Judge